**PHŒNIX ASSUR. CO., LIMITED, OF LONDON v. APELT et al.**

No. 9554.

Court of Civil Appeals of Texas. San Antonio.

April 24, 1935.

Eskridge, Groce, Rice & Easterling and Walter Groce, all of San Antonio, for appellant.

McCloskey & Wasaff, Van Henry Archer, and Newton & Gittinger, all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by A. O. Apelt in his individual capacity and as next friend of Joe Pendergrast, a minor, against appellant, Phœnix Assurance Company, Limited, seeking to recover upon a fire insurance policy for the alleged loss by fire of certain household furniture and furnishings. The insurance policy was issued to Mrs. Mary Apelt, who died as a result of injuries received by her during the fire, and appellees, A. O. Apelt and Joe Pendergrast, are alleged to be her sole and only surviving heirs at law.

The cause was submitted to a jury upon special issues, and the jury returned answers favorable to appellees. Upon such findings by the jury, judgment was rendered in favor of appellees in the sum of $1,500, and from this judgment the insurance company has prosecuted this appeal.

During the course of the trial appellees were permitted to file three trial amendments, the last one being filed after both sides had concluded the introduction of testimony and had rested. This last trial amendment, filed by appellees, alleged for the first time that there was no administration upon the estate of Mrs. Mary Apelt, deceased, and that no necessity existed for such an administration. It is plain that appellees' petition did not state a cause of action prior to the filing of this last trial amendment.

The filing of this trial amendment was a matter addressed to the sound discretion of the trial judge, and it was perfectly proper for him to permit such filing. However, after the filing of this trial amendment, appellant asked leave to withdraw its announcement of ready and to continue the case. It based this motion upon the ground of surprise, and set up the fact that it had had a witness present during the trial who would have testified to matters material to its defense, but that after the closing of the evidence it had excused such witness and could not then locate her. A postponement was granted, but the witness could not be located.

These matters were set up by appellant in its motion for a new trial, and supported by the affidavit of the witness showing that if she had been located she would have testified to matters material to appellant's defense, and that after being excused as a witness she had gone to visit a relative, and thus accounted for the inability of counsel for appellant to locate her after she had been excused.

The trial judge, having permitted the filing of this third trial amendment and the reopening of the testimony at this late stage of the trial, should have permitted appellant to withdraw its announcement of ready and continue the cause upon the showing made by appellant, as above set forth.

The policy sued upon contained the following provision: "This Company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power; or by order of any civil authority; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire when the property is endangered by fire in neighboring premises; or (unless fire ensues, then, in that event, for the damages by fire only) by explosion of any kind, or lightning; but liability for direct damage by lightning may be assumed by specific agreement thereon."

Appellees' petition failed to negative these exceptions, and the proof was insufficient to show as a matter of fact that they did not exist. In Boston Ins. Co. v. Fitzpatrick, 75

S.W.(2d) 897, this court held that such lack of allegation and proof constitutes reversible error.

Appellees attempt to excuse this error because the insurance policy was burned up in the fire, and, though demand was made, appellant failed to furnish them a copy of the policy. Such failure to furnish a copy of the policy would not excuse the failure to make these necessary allegations, and the failure to offer this necessary proof.

For the error pointed out, the judgment of the trial court will be reversed, and the cause remanded.